

*U.S. Department of Justice*

*United States Attorney*
*District of New Jersey*

---

*Keith L. Abrams*
*Special Assistant Untied States Attorney*

*970 Broad Street, 7th floor*
*Newark, New Jersey 07102*

*Direct Dial: 973-645-2848*

July 24, 2025

The Honorable Julian X. Neals
United States District Judge
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

      Re:  <u>United States v. Israel Rodriguez</u>
            Crim. No. 22-160

Dear Judge Neals:

      The Government submits this letter to oppose Israel Rodriguez's ("Rodriguez") request for early termination of probation.

## <u>Background</u>

      On February 28, 2023, Rodriguez appeared before this Court and pled guilty to a one-count Information, which charged him with possession of firearms by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). This Court sentenced Rodriguez to five years' probation. *See* Judgment of Conviction, Dkt. No. 40.

      In Rodriguez's request for early termination of probation, he argues that the factors enumerated in 18 U.S.C. § 3553(a) support his request. Specifically, Rodriguez cites to his "positive contributions to his family and community… commitment to personal growth… consistent compliance, positive contributions, and demonstrated rehabilitation[.]" Motion for Early Termination of Probation, Dkt. No. 47, at 5.

      For the reasons set forth below, the Government opposes Rodriguez's motion for early termination of probation and his motion should be denied.

## Analysis

Under 18 U.S.C. § 3564(c), this Court may terminate a term of probation prior to its expiration. The statute provides, in relevant part, that:

> [A]fter considering the factors set forth in section 3553(a) to the extent that they are applicable, this Court may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

18 U.S.C. § 3564(c).

The Third Circuit has not addressed the standard for reviewing motions for early termination of probation filed pursuant to 18 U.S.C. § 3564(c), but District Courts within this Circuit are guided by the standards applied in requests for early termination of supervised release under 18 U.S.C. § 3583(e). *See United* States *v. Edwards*, 2022 WL 1028041, at *1 (E.D. Pa. Apr. 6, 2022); *see also United States v. Paterno*, 2022 WL 1065682, at *2 (D.N.J. Apr. 30, 2022) ("The difference between probation and supervised release is that a defendant receives supervised release only after an incarcerative sentence has been served, whereas a defendant on probation has received an alternative to imprisonment…[i]n both instances, the Court must consider the same factors in deciding whether early termination is warranted… [t]herefore, cases concerning early termination of supervised release are instructive.").

It is Rodriguez's burden, "as the party receiving the benefit of early termination, to demonstrate that such a course of action is justified." *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006). After all, it "logically follows that the burden of ultimate persuasion should rest upon the party attempting to adjust the sentence." *United States v. McDowell*, 888 F.2d 285, 291 (3d Cir. 1989). In assessing whether Rodriguez has met that burden, this Court, as noted above, must start with the § 3553(a) factors:

(1) the nature and circumstances of the offense and the defendant's history and characteristics, 18 U.S.C. § 3553(a)(1);

(2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, § 3553(a)(2)(B)-(D);

(3) the kinds of sentence and sentencing range established for the defendant's crimes, § 3553(a)(4)(A);

(4) pertinent policy statements issued by the United States Sentencing Commission, § 3553(a)(5);

(5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6); and

(6) the need to provide restitution to any victims of the offense, § 3553(a)(7).

"District courts are not required to make specific findings of fact with respect to each of these" specified § 3553(a) "factors; rather, a statement that [the district court] has considered the statutory factors is sufficient." *United States v. Melvin*, 978 F.3d 49, 52-53 (3d Cir. 2020).

"After considering these factors, this Court may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." *Id.* at 52 (citing 18 U.S.C. § 3583(e)(1)). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id.* (quotation marks omitted).

Repudiating contrary language in earlier non-precedential opinions, however, *Melvin* held that "a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." *Id.* at 53. Although "extraordinary circumstances may be *sufficient* to justify early termination of a term of supervised release," they are not "*necessary* for such termination." *Id.* (emphasis in original). Nonetheless, "*[g]enerally*, early termination of supervised release under § 3583(e)(1) will be proper" as a discretionary matter "only when the sentencing judge is satisfied that new or unforeseen circumstances warrant it." *Id.* (emphasis in original) (quotation marks omitted). Likewise, the decision to terminate probation early has traditionally only been granted when a defendant can show changed circumstances. *United States v. Caruso*, 241 F. Supp. 2d 466, 468 (D.N.J. 2003). "That is because, if a sentence was 'sufficient, but not greater than necessary' when first pronounced," as § 3553(a) requires, a reviewing court "would expect that something will have changed in the interim that would justify an early end to a term of supervised release." *Melvin*, 978 F.3d at 53. (quotation omitted). Mere compliance with terms of probation is expected and does not support early termination. *See Paterno*, 2022 WL 1065682 at *3 (Compliance with the law and probationary terms "are not in and of themselves sufficient to warrant early termination…"); *Caruso,* at 469 ("[M]ere compliance with the terms of probation or supervised release is what is

expected of probationers, and without more, is insufficient to justify early termination.").

Here, early termination of probation is not warranted when taking into consideration the Section 3553(a) factors, Rodriguez's conduct, and the interests of justice.

First, the nature and circumstances of this offense militate against early termination. *See* 18 U.S.C. § 3553(a)(1)-(2). In October 2020, despite having prior felony convictions, Rodriguez fired both a semi-automatic handgun and a semi-automatic rifle at a firing range in Essex County, New Jersey. Presentence Investigation Report ("PSR") ¶¶ 9-13. While this is not a violent crime or a crime against a victim, this is still a serious offense, which demonstrated a disregard for the law. The seriousness of this offense and the nature and circumstances of Rodriguez's conduct weigh against his request for early termination of probation.

Second, Rodriguez's sentence serves the need to afford adequate deterrence to criminal conduct by other potential offenders. *See* 18 U.S.C. § 3553(a)(2)(B). Felons that possess firearms must know that they will be punished appropriately and serve their sentences, especially offenses that involved dangerous weapons.

Third, requiring Rodriguez to complete his full probationary sentence and requiring continued compliance with the conditions of his probation will help ensure that he does not repeat his criminal conduct and continues his rehabilitation as a law-abiding citizen. *See* 18 U.S.C. § 3553(a)(2)(D). This is the most important factor against early termination as Rodriguez has shown an inability to avoid criminal activity. Approximately one year after this Court sentenced him, Rodriguez was arrested for using stolen credit cards to obtain $1,236.10 (279 gallons) of diesel fuel. On April 1, 2024, probation sought authorization from Your Honor to modify the conditions of Rodriguez's supervision to include 60 hours of community service, which was approved. However, this took place before he resolved the state case. (Government's Ex. 1). On May 29, 2024, Rodriguez pled guilty in the Superior Court of New Jersey to third-degree Theft by Unlawful Taking, in violation of N.J.S.A. 2C:20-3A. (Government's Ex. 2). Notably, in plea forms signed by Rodriguez, he indicated "No" (which was not accurate) in response to Question 9 which asked if he was "presently on probation or parole." On July 31, 2024, Rodriguez received a sentence of 10 days in jail to be served on weekends and three years of probation. (Government's Ex. 3).

Rodriguez argues that an early release from probation would allow him to be a more supportive and attentive father to his six children, one of whom may require increased medical care for a serious illness. *See* Rodriguez Mot. At the same time, Rodriguez seeks to grow his career in real estate and a business involving cross-country long-haul trucking by traveling to the Dominican Republic and Puerto Rico

as he wishes. *See Id.* Despite Rodriguez's ambitious goals, he never explains how or why probation's requirements and their impact on those goals are so onerous that probation must be terminated early. Probation has neither interfered with his relationships with his children nor has it prevented him from being able to work toward regaining custody of his son. Probation has had no impact on his ability to care for his daughter. The probation condition most lamented about by Rodriguez is not a condition that precludes travel, but only requiring prior approval for travel, a less than onerous burden. Indeed, the standard condition of supervision that applies to Rodriguez is only that he "must not knowingly leave the federal judicial district where [he] is authorized to reside without first getting permission from the court or the probation officer." Judgment of Conviction, Dkt. No. 40. Despite being on probation and subject to the above-described condition, Rodriguez "is making a good living hauling freight all over the country with his freight truck…" *Rodriguez Mot.* at 5. At worst, he claims that because of the probationary requirements, he "sometimes runs into delays" when making deliveries. *Id.*

While the Government commends Rodriguez's efforts to become a productive member of society, Rodriguez fails to articulate any new or unforeseen circumstances that weigh in favor of the early termination of probation. Rodriguez has only completed approximately half of his probationary sentence. Within that time, he obtained a new criminal conviction for which he received minimal punishment. It has only been one year since he received his three-year probationary sentence from New Jersey. Even if he was not violated by probation for the offense, it does not negate the fact that he failed to refrain from new criminal activity. Furthermore, probation has not been unduly restrictive on Rodriguez's life. His main complaint - that he cannot travel "as he sees fit" - has never been hampered while serving his probationary sentence.

Successful reentry into society while on probation is one of the goals of federal probation, and ceasing probation simply because Rodriguez has, to date, and according to probation, adjusted well to probation would not, and should not, in and of itself justify early termination of probation. Rodriguez has demonstrated that he can be a mostly productive member of society while on probation. However, he has also demonstrated that he can relapse, as evidenced by his 2024 post-sentencing state felony conviction. While laudable, compliance is not a basis for early termination. Probationary conditions that prevent a person from doing whatever he or she wants whenever he or she wants with minimal restrictions are also not a sufficient basis for early termination. After all, the five-year term of probation was sufficient but not greater than necessary to comply with the § 3553(a) factors. Rodriguez is halfway there and apparently needs probation to support him in his transition into being a lawful, productive member of society. Early termination without justification would only hinder his development and increase his chances of recidivism no matter his age.

**Conclusion**

For the reasons set forth above, the United States submits that early termination of Rodriguez's term of probation is not "warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c).

Respectfully submitted,

ALINA HABBA
United States Attorney

*Keith Abrams*

By: Keith L. Abrams
Special Assistant U.S. Attorney

cc:   Lorraine Gauli-Rufo, Esq.
      Patrick Hattersley, U.S. Probation